UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERESA A GLEASON,<br><br>        Plaintiff,<br><br>    v.<br><br>UNUM GROUP, et al.,<br><br>        Defendants. | Case No. 21-cv-02776-AGT<br><br>**ORDER DENYING MOTION TO DISMISS**<br><br>Re: Dkt. No. 20 |

Two claims, both under ERISA, are at issue in this lawsuit between Teresa Gleason and the Unum Group defendants.

*First*, Gleason alleges that Unum violated the terms of her employer's long-term disability plan by terminating her benefits despite her lingering cognitive impairments following chemotherapy. Gleason seeks relief under 29 U.S.C. § 1132(a)(1)(B), a provision of ERISA that permits plan participants to recover benefits due under the terms of an employee-sponsored plan.

*Second*, Gleason alleges that Unum violated its fiduciary duties by consciously trying to terminate her benefits so that it could meet monthly claim-closure targets. Gleason seeks relief under 29 U.S.C. § 1132(a)(3), a provision of ERISA that permits plan participants to seek equitable relief to redress, among other things, a plan administrator's breach of fiduciary duties. *See Varity Corp. v. Howe*, 516 U.S. 489, 506–08 (1996).

Unum has moved to dismiss the second claim but not the first. In moving to dismiss the second claim, Unum doesn't suggest that if it terminated benefits to meet claim-closure targets, this wouldn't constitute a breach of its fiduciary duties. Nor does Unum suggest that Gleason's allegations about claim-closure targets are too conclusory to survive a motion to dismiss. Instead, Unum argues that Gleason's second claim should be dismissed because (i) "it impermissibly

duplicates her claim for relief under [§ 1132](a)(1)(B)," (ii) it "seeks equitable remedies unavailable to her as a matter of law," and (iii) it will "transform a straight-forward . . . dispute over [Gleason's] claimed entitlement to benefits under the terms of the Plan [into] a costly insurance bad faith action." Reply, Dkt. 25 at 6, 8.

The Court is unpersuaded by these arguments.

*Argument one*: Gleason's claim under § 1132(a)(3) doesn't duplicate her claim under § 1132(a)(1)(B). Claims under these two sections "can proceed simultaneously if they plead distinct remedies." *Moyle v. Liberty Mut. Ret. Ben. Plan*, 823 F.3d 948, 961 (9th Cir. 2016). Such is the case here. Under (a)(1)(B), Gleason seeks to recover all benefits due to her under the plan. Under (a)(3), she seeks, among other things, to permanently enjoin Unum from serving as a fiduciary of the plan and from disseminating claim-closure targets to the individuals responsible for adjudicating claims. *See* FAC ¶ 52. Because these remedies don't overlap, Gleason's (a)(1)(B) and (a)(3) claims "can proceed simultaneously." *Moyle*, 823 F.3d at 961.

*Argument two*: Unum hasn't proven that all remedies Gleason seeks under (a)(3) are unavailable. Unum articulates why certain remedies may not be available. *See* Reply, Dkt. 25 at 11–14. But Unum doesn't explain why other remedies (e.g., an injunction preventing Unum from disseminating claim-closure targets) wouldn't be available. For this reason, Unum's second argument doesn't warrant dismissal of the (a)(3) claim.

*Argument three*: As noted above, Unum worries that if the (a)(3) claim goes forward, this case will be turned into "a costly insurance bad faith action." Dkt. 25 at 6. To the extent that Unum's fears materialize, it will be because Gleason has alleged more than that Unum wrongfully denied her benefits under the terms of the plan. She has also alleged that Unum consciously sought to terminate her benefits so that Unum could meet monthly claim-closure targets. These are different allegations, and they do to some degree transform the case.

Expanding on its third argument, Unum warns that if the Court permits Gleason to seek relief under (a)(3), the Court will be providing a blueprint whereby the plaintiff in any ERISA benefits case can do the same simply by alleging that "she thinks [the insurer] is a bad company."

*Id.* at 7.  This concern seems unlikely to materialize.  Conclusory allegations like those proposed—that such and such an insurer is a "bad company"—won't be accepted as true and won't move an (a)(3) claim past the pleading stage.  *See Depot, Inc. v. Caring for Montanans, Inc.*, 915 F.3d 643, 652–53 (9th Cir. 2019).  Here, more has been alleged than that Unum is a "bad company," which won't be possible in all ERISA benefits cases.

Gleason has done enough to plead her § 1132(a)(3) claim.  Unum's motion to dismiss this claim is denied.

**IT IS SO ORDERED.**

Dated: November 10, 2021

_____
Alex G. Tse
United States Magistrate Judge